## Mullins v. Greer.

(Decided October 24, 1911.)

### Appeal from Pike Circuit Court.

Title Bonds—Sufficiency of Description.—Where the description in a title bond is sufficient to identify the property, it is valid. It is not necessary that the writing should contain a survey of the land, but merely should be such as will serve to identify it.

J. M. ROBERSON, ROBERSON, LANGLEY & COOPER, J. S. CLINE for appellant.

ROSCOE VANOVER, for appellee.

Opinion of the Court by Judge Lassing—Affirming.

M. D. L. Greer was, prior to 1897, engaged in the mercantile and logging business in Pike County, Kentucky. He owed considerable money, and some of his debts were pressing him. In order to obtain immediate relief he called upon his father-in-law, Smith Mullins, and arranged to get some financial assistance through him. In order to secure his father-in-law against loss, he conveyed to him four tracts of land, described as follows:

"Lying and being in the county of Pike, State of Kentucky, on the waters of Beefhide creek, a tributary of Shelby creek, and bounded as follows:

"First tract, being a 100 acre survey made and patented to Booker Elkins, lying on Brushy Fork, and bounded with the calls with the said patent. Second tract, lying on Brushy Fork, being a 100 acre survey made by Harvey Johnson, and patented to same, and bounded with the calls of said survey. Third tract, being a survey made by Harvey Elkins, containing 100 acres and patented to him, lying and being on the waters of Beefhide Creek on left hand side near Smith Mullins'

house and bounded by calls of the patent of same. Fourth tract, lying and being at the mouth of Beefhide Creek, containing 300 acres, more or less, and bounded as follows: Beginning at the mouth of Beefhide Creek and running with the center of creek to opposite a sugar tree near the road, a line tree between Green Burke and M. D. L. Greer, thence running eastward with the conditional line between M. D. L. Green and Greenville Burke to the top of a point; thence turning southward to the top of a ridge with same line; thence with ridge with said line, and said course to the conditional line between M. D. L. Greer and Smith Mullins; thence westward with said conditional line crossing said creek to the top of the ridge; thence with the top of said ridge northward to the conditional line between M. D. L. Greer and John Greer, deceased, thence with said line with the top of said ridge to the conditional line of W. H. Trivett and M. D. L. Greer; thence with said conditional line running eastward to Shelby creek; thence with meanderings of said creek, southward to the beginning.''

About nine months after this conveyance, being relieved in a measure of his financial embarrassment, and his father-in-law not having had to pay off any of his indebtedness, he reconveyed to him and his wife one of the above described tracts of land, known as the Home Farm, and gave to him a title bond, obligating himself to convey the three remaining tracts, known as the Harvey Elkins survey, the Booker Elkins survey, and the Harvey Johnson survey. Shortly after the execution of this deed and title bond Smith Mullins, his father-in-law, and Sarah Mullins, his wife, both died. They left surviving them twelve children. Eight of said children voluntarily conveyed to Greer the tracts of land described in the title bond. Three others agreed to and did sign the deeds to two of these tracts. Joseph Mullins, one of the children, refused to make conveyance to any of them. Greer thereupon brought suit against Joseph and his sisters-in-law, Polly Ann Mullins and Martha Jane Burke, and the heirs of Nancy Horn, deceased, for a specific performance of his contract with their father. Proof was taken and the case submitted for judgment. The chancellor found in favor of the plaintiff, Greer. From that judgment Joseph Mullins alone appeals.

The execution of the title bond by Smith Mullins and his wife is not denied, but for Joseph Mullins upon ap-

peal it is insisted that the judgment should not have been entered, for the reason, first, that the descriptions of the land in the title bond are not sufficiently definite to support the judgment directing its conveyance; second, that the consideration for which these tracts of land were conveyed to Smith Mullins had not been repaid by appellee, Greer, and that on that account he was not entitled to have the title bond enforced; and third, that after the death of his father, Smith Mullins, he purchased the interest of several of his brothers and sisters in and to one of these tracts without knowledge of the existence of the title bond, and that he was, therefore, an innocent purchaser for value and should not be disturbed in his possession.

Considering these questions in the inverse order of their importance, we will first dispose of the second ground relied upon by appellant for reversal, to-wit: That the consideration for the conveyance had not been repaid by Greer to Smith Mullins prior to his death. Upon this point it is sufficient to note that the record shows that after the death of Smith Mullins it was found that he held notes representing sums advanced to all of his children, and that when his administrator attempted to collect these, his children got together and gave acquittances, the one to the other, and acknowledged settlement in full of all such evidence of debt, those against Greer and his wife as well. Hence the claim that appellee was indebted to his father-in-law can be of no avail.

We next consider the "innocent purchaser" claim. There is no merit in this. Whatever title the children of Smith Mullins had in this property they acquired from their father. They could by no possibility have had a better title than he had. If he owned none, they could convey none; and it being conceded that he in his lifetime had executed the bond for title to appellee, he in fact owned none of this land at the date of his death, although he was in possession of it. Appellant added no strength to his title by purchasing of his brothers and sisters, for he could acquire from them only such interest as they had, and this was, under the facts proven in this case, no interest at all, for the property was not that of their father when he died.

Lastly, as to the question of the sufficiency of the description of the property in the title bond. It is not denied that this land described in the title bond is the iden-

tical land which appellee conveyed to his father-in-law, and while the descriptions in the deed are fuller than in the title bond, they are no more accurate and certain, for in each case they refer to the different surveys for their particular description. It has so frequently been held by this court that where the description in the writing is sufficient to identify the property the conveyance is so valid that a citation of authority is scarcely necessary. The description of these tracts of land in the title bond are, as follows:

"Three tracts of land lying and being in the county of Pike and State of Kentucky, on the waters of Beefhide Creek, each tract containing one hundred acres, and bounded as follows: First tract, being surveyed by and patented to Harvey Elkins, Sr., and bounded by the calls of said patent. Second tract, being surveyed by and patented to Booker Elkins, and bounded by the calls of said patent. Third tract, surveyed by Harvey Johnson and bounded by the calls of same."

It is not necessary that the writing should contain a survey of the land, but merely should be such as will serve to identify it. These three tracts of land, of one hundred acres each, all, according to the writing, lie in Pike County, Kentucky, on Beefhide Creek. One was surveyed by and patented to Harvey Elkins, Sr. A reference to the books wherein these patents are recorded will readily furnish an accurate description of this tract. The same is true of the other tract. And, as was well said by counsel for appellee, this being the same land which appellee conveyed to his father-in-law by deed, if the description is not sufficient to pass title by bond, it would likewise be insufficient to support the title in Smith Mullins; and hence the result of appellant's contention would be that the title is now in appellee because the description in the deed is, in its main features, identical with that in the bond. It is true that in the deed it states that these tracts of land lie on Beefhide Creek, a tributary of Shelby Creek; but for a particular description they refer to the respective patents. So at last the sufficiency of the description of the land in the deed rests, as it does in the title bond, upon the question as to whether or not the reference to the respective patents is such a description as will identify the land. We are of opinion that it is. There is no evidence showing that more than one patent was ever issued to Harvey Elkins,

Sr., Booker Elkins, or Harvey Johnson in Pike County, and hence the records of said county where these surveys and patents are recorded would furnish an accurate description of the respective surveys and the means for the identification of each tract being furnished by the writing, that is, the bond, the chancellor correctly held it sufficient.

Judgment affirmed.